```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF NORTH CAROLINA
                          CHARLOTTE DIVISION
                           3:11-cv-636-RJC
```

| ANTHONY JAMEL CRAWFORD, | ) |       |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| DAVID L. ARTIERI, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's Complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).[1]

## I.  PLAINTIFF'S COMPLAINT

Plaintiff's filed his Complaint on or about December 15, 2011, alleging the following:

October 8, 2007, I was shot 14 times by two Charlotte Mecklenburg police officers. Alvin Mullis, David L. Artieri. On the night in question both officers said that I had a gun, and I used that gun to shoot at them. My fingerprints were never on the gun that they claim I used to shoot at them nor was there any gun shot residue found on my hands or clothes, and the third officer (E.D. Ryerson) that I'm accused of shooting at gave a statement saying he never saw me with a gun that's why never drew his weapon!"

(Doc. No. 1 at 4,7). Plaintiff contends Officers Mullis and Artieri fired a total of 43 shots at him and "even after [Plaintiff] was handcuffed face down in the breezeway one of them shot [Plaintiff] again!" (Id. at 8).

---

[1] Plaintiff attaches an Application to Proceed Without Prepayment of Fees or Costs. (Doc. No. 1-2). Plaintiff reports that he is a prisoner housed in the Alexander Correctional Institution in Alexander County, within the Western District. The Court has examined the Application and finds that Plaintiff has demonstrated an inability to pay fees or costs at this time. Plaintiff's Application will be granted for the purpose of this review of his Complaint.

Plaintiff raises claims of police brutality, excessive force, and attempted murder against defendants. (Id. at 4). Plaintiff explains that he has had over 7 surgeries and has been confined to a wheelchair since November 9, 2007. Plaintiff maintains that he cannot sleep at night because he has memories of "what happened on 10-8-07." (Id. at 5). Plaintiff seeks compensatory damages in excess of $5,000,000 against the defendants in their individual and official capacities for mental, physical, and spiritual anguish. (Id. at 6, 11).[2]

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

---

[2] Plaintiff attaches to his Complaint a form entitled "Claim for Damages Under Tort Claims Act", which is dated December 12, 2011. (Doc. No. 1-1 at 7).

(2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

If the Complaint, for example, shows "that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007). "Whether a particular ground for opposing a claim may be the basis of a dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground." Id. The law has "permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of . . . a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915." Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (citing Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995)).

## III.  DISCUSSION

As there is no federal statute of limitations for claims brought under Section 1983, the courts must turn to state law to determine the applicable of statute of limitations, in this case, the statute of limitations governing personal injury claims. Plaintiff raises claims of police brutality, excessive force, and attempted murder. (Doc. No. 1 at 4).

First, only the State of North Carolina could bring a claim of attempted murder through a criminal prosecution. This claim is dismissed. Second, claims for police brutality and excessive force are akin to claims for either personal injury or assault and battery and would be subject to a three-year statute of limitations under North Carolina law. See N.C. Gen. Stat. § 1-52(19) (assault or battery); § 1-52 (5) ("any other injury to the person or rights of another").

Under North Carolina law "[c]ivil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action accrued . . ." N.C. GEN. STAT. § 1-15(a). Plaintiff's Complaint identifies October 8, 2007 as the date he was allegedly shot by the Defendants. Plaintiff's Complaint does not identify further conduct on the part of the Defendants, and thus assuming the truth of his Complaint at this stage, the cause of action was complete no later than October 8, 2007. According to the postmark from the envelope containing Plaintiff's Complaint, Plaintiff filed his Complaint on or about December 15, 2011. (Doc. No. 1-5). See Houston v. Lack, 487 U.S. 266, 276 (1988) (finding prisoner mail is deemed filed when it is handed over to prison authorities for forwarding to the clerk of court). In order to be timely under North Carolina's statute of limitations, Plaintiff's claims for police brutality and excessive force must have been filed no later than October 8, 2010. Plaintiff's Complaint, filed December 15, 2011, is therefore over one (1) year late and will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-2), is **GRANTED** for the limited purpose of this Section 1915A review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

Signed: June 7, 2012

*Robert J. Conrad Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge